IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER BROWN,

      Plaintiff,

vs.

B.R. WILLIAMS TRUCKING, INC.,
an Alabama corporation,

      Defendant.

CASE NO.: 4:21-cv-_____-_____

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, CHRISTOPHER BROWN, (hereinafter "BROWN"), by and through the undersigned counsel, hereby files this Verified Complaint and Demand for Jury Trial against Defendant, B.R. WILLIAMS TRUCKING, INC., an Alabama corporation (hereinafter "B.R. WILLIAMS"), and states:

### JURISDICTION

1.    BROWN invokes this Court's jurisdiction under Title 28 U.S.C. § 1343 on grounds that this action arises under Title 42 U.S.C. § 2000e *et seq.*, of the Civil Rights Act of 1964, as amended (hereinafter "Title VII"), which prohibits employment discrimination on the basis of retaliation.

2.    The venue of this action is properly placed in the United States District Court for the Northern District of Florida, Tallahassee Division, pursuant to Title 28 U.S.C. § 1391(d). At all relevant times, BROWN was employed by B.R. WILLIAMS.

## PARTIES

3.      The Plaintiff, CHRISTOPHER BROWN, is a 31-year-old, African-American, male citizen of Leon County, Florida, residing at 2470 Emerald Ridge Loop, Tallahassee, Florida 32303.  At all pertinent times, BROWN was an employee for B.R. WILLIAMS, as defined in 42 U.S.C. 2000(e), holding the position of Facility Director.

4.      The Defendant, B.R. WILLIAMS TRUCKING, INC., is an Alabama corporation organized in the state of Alabama, existing at its Principal Address of 2339 AL Highway 21 South, Oxford, Alabama 36203-2906, and conducting business in Leon County, Florida, at 1531 Commonwealth Business Drive, Tallahassee, FL 32303.  B.R. WILLIAMS is an employer as defined in 42 U.S.C. § 2000(e).

## ADMINISTRATIVE REMEDIES

5.      On May 5, 2020, BROWN filed a formal Charge of Discrimination against B.R. WILLIAMS with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful discrimination on the basis of retaliation.  BROWN's Charge of Discrimination was assigned EEOC Charge No. 511-2020-03306. On May 12, 2021, the EEOC issued its Dismissal and Notice of Rights and it  was received by BROWN on May 18, 2021.  A copy of the EEOC Dismissal and Notice of Rights is attached hereto as Plaintiff's Exhibit "A."

6.      BROWN is entitled to bring this action as a matter of law.  All conditions precedent to the institution of this action by BROWN have been fulfilled.

2

## STATEMENT OF THE CASE

7.    BROWN re-alleges and incorporates Paragraphs 1 through 6, as if set forth in full herein.

8.    B.R. WILLIAMS hired BROWN on September 18, 2017, to work in the position of Facility Director at the Tallahassee, Florida, warehouse.

10.    BROWN received pay raises on two separate occasions during the course of his employment. The first pay raise was received on June 5, 2018. The second pay raise was received on August 3, 2019.

11.    In late 2019, B.R. WILLIAMS allowed a long-time customer to place an in-house liaison at the warehouse.

12.    The liaison was not employed by B.R. WILLIAMS and had no management authority over the employees of B.R. WILLIAMS.

13.    The liaison mistreated B.R. WILLIAMS' employees and was incredibly disrespectful to the female employees in particular.

14.    The liaison would routinely call the female employees derogatory names such as "bitches" and "whores."

15.    A female employee of B.R. WILLIAMS, Roneeke Barber, complained to BROWN about the harassment she was receiving from the liaison.

16.    In October 2019, BROWN complained to Don Henderson, Director of Warehouse Facilities at B.R. WILLIAMS, about how the liaison was treating the female employees.

3

17.     Mr. Henderson informed David Nunnelley, the Vice President of Warehousing, of the complaints.

18.     After the liaison was informed of the complaint BROWN filed against him, the liaison began to make complaints to B.R. WILLIAMS about BROWN's work performance.

19.     There had never been any complaints about BROWN's performance prior to BROWN's reporting of the liaison's misconduct.

20.     Because of the internal complaint that BROWN filed with B.R. WILLIAMS, and because of the subsequent complaints that the liaison made against BROWN in retaliation, the management at B.R. WILLIAMS removed BROWN from his position as Facility Director.

21.     The management at B.R. WILLIAMS offered BROWN a non-managerial position that paid $8.00 less an hour, which was a lower wage than BROWN had when he first started working for B.R. WILLIAMS.

22.     When BROWN refused the demotion, B.R. WILLIAMS terminated his employment at the company, effective April 3, 2020.

### COUNT I
#### UNLAWFUL EMPLOYMENT DISCRIMINATION
#### ON THE BASIS OF RACE IN VIOLATION OF 42 U.S.C. § 2000(e-3)

23.     BROWN re-alleges and incorporates Paragraphs 7 through 22, as if set forth in full herein.

24.     BROWN was well-qualified for the position of Facility Director.

25.     BROWN suffered an adverse employment action when B.R. WILLIAMS terminated BROWN because he filed a complaint relating to unlawful activity at the company.

26.     BROWN engaged in a protected activity by filing an internal complaint in opposition of sex discrimination practices at B.R. WILLIAMS.

27.     B.R. WILLIAMS took a materially-adverse action by first offering a demotion with lower pay to BROWN and subsequently terminating BROWN's employment.

28.     But for BROWN filing an internal complaint in opposition of sex discrimination practices at the company, B.R. WILLIAMS would not have demoted BROWN.

29.     As a direct and proximate result of the violation of BROWN's rights, BROWN has suffered economic damages and is entitled to compensatory damages, including, but not limited to:   Loss of actual and potential income.

30.     As a result of the discriminatory actions by B.R. WILLIAMS and/or its agents, BROWN has been forced to hire an attorney to protect his rights and, as such, is entitled to recover reasonable attorney fees and the costs for bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, CHRISTOPHER BROWN, demands judgment against the Defendant, J.R. WILLIAMS TRUCKING, INC., and respectfully requests this Honorable Court for entry of its Order making BROWN whole by awarding him the following relief:

A.   Back pay from the date of termination to the date of trial;

B.   Actual damages in an amount to be determined at trial;

C.   Compensatory damages in an amount to be determined at trial;

D.   All attorney fees and costs of this action;

E.   Any such other and further relief as this Court deems just and equitable.

Plaintiff respectfully requests a trial by jury.

## VERIFICATION

I affirm under the penalty of perjury that the allegations contained in the foregoing

document are true and correct to the best of my personal knowledge, information and belief.

CHRISTOPHER BROWN

Respectfully submitted,

GARY LEE PRINTY
FL BAR ID NO.: 363014
Attorney at Law
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone: (850) 877-7299
FAX: (850) 877-2211
E-mail: attygaryprinty@embarqmail.com

Attorney for Plaintiff,
CHRISTOPHER BROWN

7

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Christopher Brown<br>2470 Emerald Ridge Loop<br>Tallahassee, FL 32303 | From: Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2020-03306 | Pedro A. Hernandez,<br>Investigator | (813) 202-7938 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Evangeline Hawthorne*

May 12, 2021

Enclosures(s)

**Evangeline Hawthorne,**
**Director**

*(Date Mailed)*

cc:
| Shannon Butler, Director of HR<br>B.R. WILLIAMS TRUCKING, INC.<br>2339 Highway 21 South<br>Post Office Box 3310<br>Oxford, AL 33203 | Kevin Kostelnik, Esq.<br>FRIEMAN ABRAHAMSEN & CRUZ<br>Post Office Box 832<br>Tallahassee, FL 32302 |
|---|---|

Plaintiff's Exhibit "A"